IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 2:05cr201-T |
| | ) | |
| ANGELA DORIS WAUGH | ) | |

**PRETRIAL CONFERENCE ORDER**

A pretrial conference was held on January 3, 2006 before the undersigned Magistrate Judge. Present at this conference were Tiernan W. Luck, counsel for the defendant, and Assistant United States Attorney Tommie Hardwick, counsel for the government. As a result of the conference, it is hereby ORDERED as follows:

1. The defendant's January 3, 2006 oral motion for continuance of trial to February 13, 2006 is GRANTED. Jury selection is set for February 13, 2006. The trial of this case is set during the trial term commencing on February 13, 2006 before Judge L. Scott Coogler and is expected to last 2 days.

2. In setting this case for trial on the term indicated above, the court recognizes that the Speedy Trial Act places limits on the court's discretion, and that under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C.

§ 3161(c)(1). In determining whether a case should be set after the expiration of the 70 day period, a court must consider among other factors "[w]hether the failure to [set the case at a later date] . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv). Based on the nature of this case, and the parties' need to have adequate time for trial preparation, the court finds that the ends of justice served by setting this case on this trial term outweigh the best interest of the public and the defendant in a speedy trial.

3. There are no motions currently pending.

4. Proposed voir dire questions shall be filed on or before February 6, 2006. Counsel should not include questions seeking information which is provided in the jury questionnaire.

5. All motions in limine shall be filed on or before February 6, 2006. Motions in limine must be accompanied by a brief. Failure to file a brief will result in denial of the motion.

6. Proposed jury instructions shall be filed on or before February 6, 2006.

7. The last day on which the court will entertain a plea pursuant to Rule 11(c)(1)(A) or (C) plea is February 6, 2006. The government and defendant are informed that if a defendant waits until the last minute to enter a plea, and if that plea, for whatever reason, does not go through, the defendant and the government will be expected to be prepared to go to trial on February 13, 2006. The court will not continue the trial of this case as to any defendant because a defendant's plea was not accepted. In other words, the defendant and the government should not wait until the last minute for a defendant to enter a guilty plea, and both the defendant and the government should all be ready to go to trial on February 13, 2006, as to all defendants, even though a particular guilty plea was not accepted.

DONE, this 6th day of February, 2006.

                                          /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE